United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11385
Summary Calendar

R ALLEN BARKER; HAROLD BROWN; JUDY COMPTON; ANDY DOBSON; PATRICK
J MINEHAN; BARRY PITARESSI; KENNETH VANDER BLUMER; WILLIAM WELSH,

Plaintiffs-Appellees,

versus

BURLINGTON NORTHERN SANTA FE CORP.,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(4:96-CV-536-Y)

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Burlington Northern Santa Fe Corp. (Burlington) appeals the
denial of its motion to vacate two arbitration awards. The
arbitrator determined that Pitaressi and Welsh had been
discriminated against in their employment with Burlington
(violation of ADEA) and awarded damages, including stock options.

Burlington challenges the award on several bases. It
maintains the arbitrator exhibited bias, and showed a manifest

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disregard for the law/methodology for the *prima facie* case stage, the pretext stage, and in fixing the damages awards.

We review the district court's conclusions of law *de novo* and its findings of fact for clear error, applying the same standard it used for confirmation *vel non* of an arbitration award. ***Williams v. Cigna Fin. Advisors, Inc.***, 197 F.3d 752, 757 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000). Whether to confirm an arbitration award is governed by the Federal Arbitration Act, *see* 9 U.S.C. § 1 et seq.; under it, the award must be reviewed under a highly deferential standard, *e.g.*, ***First Options of Chicago, Inc. v. Kaplan and MK Investments, Inc.***, 514 U.S. 938, 942 (1995) (while party "still can ask a court to review the arbitrator's decision", it will "set that decision aside only in very unusual circumstances"). Obviously, to do otherwise would undermine the effectiveness of arbitration.

Several grounds exist upon which we may vacate an arbitration award, including that it was based on a manifest disregard of the law. *See* ***Williams***, 197 F.3d at 757-59. *See generally* 9 U.S.C. § 10(a). The burden of proving the arbitrator acted in such a manner is on Burlington. To vacate or modify an award on this ground, we must determine: (1) it is manifest that the arbitrator acted contrary to applicable law; and (2) the award would result in significant injustice, taking into account all the circumstances of the case. ***Id***. at 762.

Based upon our review, and especially in the light of the applicable extremely narrow standard of review, we conclude:  the arbitrator did not act in manifest disregard of the law; and none of the other grounds urged for vacating the award been shown.

**AFFIRMED**